UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CASE NO. 1:20-cv-218-MR

| | |  |
|---|---|---|
| **HILDRED M. LYLES,** | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | <u>ORDER</u> |
| | ) | |
| **STATE OF NORTH CAROLINA** | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

**THIS MATTER** comes before the Court on initial review of the Petitioner Hildred M. Lyles' 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus filed August 10, 2020 [Doc. 1], the Petitioner's Application to Proceed *in Forma Pauperis* filed August 10, 2020 [Doc. 2] and the Petitioner's Motion for Appointment of Counsel, filed August 31, 2020 [Doc. 3].

**I.    BACKGROUND**

Hildred M. Lyles (the "Petitioner") is a prisoner of the State of North Carolina. The Petitioner is currently serving a life sentence resulting from a 1993 first-degree rape conviction in Orange County, North Carolina. The

Petitioner was also previously convicted of bank robbery in 1992 in the U.S. District Court for the Middle District of North Carolina.

Most recently on March 10, 2014, the Petitioner was convicted in McDowell County, North Carolina of two counts of assault on a probation officer, to which he entered a guilty plea and received a sentence of two years and eight months to four years, to run consecutive to his life sentence. [Doc. 1 at 1-2]. The Petitioner did not file a direct appeal of this conviction nor did he seek further review in state court. [Id. at 2]. It is this conviction that is the subject of this habeas proceeding.

This Court docketed the Petitioner's §2254 Petition for Writ of Habeas Corpus on August 10, 2020. [Doc. 1]. The Petitioner alleges that he was under duress at the time he entered his plea, and that his public defender engaged in fraud and deceit and misadvised him regarding the consequences of his plea. [Doc. 1]. The Petitioner also seeks to proceed *in forma pauperis* and requests this Court appoint counsel. [Docs. 2, 3].

**II.    DISCUSSION**

    **A.    Timeliness of § 2254 Petition for Writ of Habeas Corpus**

The Petitioner's § 2254 Petition for Writ of Habeas Corpus appears to be untimely filed.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides a statute of limitations for § 2254 petitions by a person in custody pursuant to a state court judgment. 28 U.S.C. § 2244(d)(1). The petition must be filed within one year of the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id.

The limitation period is tolled during the pendency of a properly filed state post-conviction action. 28 U.S.C. § 2244(d)(2).

Judgment was entered in the Petitioner's case on March 10, 2014, the date of his judgment and conviction. The Petitioner then had 14 days in which to file a notice of appeal. See N.C. R. App. P. 4(a)(2). However,

because he did not file a direct appeal or post-conviction motion for appropriate relief in state court, his conviction became final on March 24, 2014, when the time for seeking direct review expired. See § 2244(d)(1)(A). The one-year statute of limitations contained in the AEDPA then began running for 365 days until it expired on March 24, 2015.

The Petitioner did not file his Petition for Writ of Habeas Corpus until August 10, 2020. [Doc. 1]. Therefore, the Petitioner's § 2254 petition is untimely under § 2244(d)(1)(A) and subject to dismissal unless the Petitioner can demonstrate he is entitled to equitable tolling. As such, the Court will grant the Petitioner 21 days in which to explain why this matter should not be dismissed as untimely, including any reasons why equitable tolling should apply. See Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002).

**B.     Application to Proceed *In Forma Pauperis***

The Petitioner moves this Court for an application to proceed *in forma pauperis*. [Doc. 2]. Federal law requires that a petitioner seeking habeas review of his state conviction and/or sentence in federal district court pay a filing fee in the amount of $5.00 or obtain leave of court to proceed without prepayment of fees and costs.

The Petitioner's application for *in forma pauperis* includes an attached statement showing that he has a balance of $0.00 in his inmate trust account.

[Doc. 2-1]. As such, the Court finds that the Petitioner has insufficient funds to pay the required filing fee and his application to proceed *in forma pauperis* will be granted.

C. **Motion for Appointment of Counsel**

The Petitioner moves for the appointment of an attorney to represent him in this proceeding. [Doc. 3]. The Petitioner states that his imprisonment limits his ability to litigate this matter and that the issues involved in this proceeding are complex and will require significant research and experts. [Doc. 3 at 1].

This is a § 2254 proceeding, for which there is no constitutional right to the appointment of counsel. Crowe v. United States, 175 F.2d 799 (4th Cir. 1949). The Petitioner sets forth no sufficient grounds to justify the need for appointment of counsel at this juncture. Accordingly, the Petitioner's motion for appointment of counsel shall be denied.

**IT IS, THEREFORE, ORDERED** that:

1. The Petitioner shall, within 21 days of entry of this Order, file a document explaining why his § 2254 Petition for Writ of Habeas Corpus should not be dismissed as untimely. The Petitioner's failure to comply with this Order may result in the dismissal of the Petition without further notice.

2. The Petitioner's Application to Proceed *In Forma Pauperis* [Doc. 2] is **GRANTED**.

3. The Petitioner's Motion for Appointment of Counsel [Doc. 3] is **DENIED**.

**IT IS SO ORDERED.**

Signed: June 18, 2021

Martin Reidinger
Chief United States District Judge